UNITED STATES FIDELITY AND GUARANTY COMPANY v. UNITED STATES FOR THE BENEFIT OF KENYON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF RHODE ISLAND.

No. 173.    Argued January 18, 1907.—Decided February 25, 1907.

Under the act of August 13, 1894, 28 Stat. 278, as construed in the light of the act passed the same day, 28 Stat. 282, and of the act amending the latter passed January 24, 1905, 33 Stat. 811, in suits brought in the name of the United States for the benefit of materialmen and laborers on bonds given in pursuance of the act, the United States is a real litigant, and not a mere nominal party, and the Circuit Court of the United States has jurisdiction of such suits without regard to the value of the matter in dispute.

By an act of Congress approved August 13, 1894, entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," it was provided: "That hereafter any person or persons entering into

a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work. or for repairs upon any public building or public work, shall be required before commencing such work to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract; and any person or persons making application therefor, and furnishing affidavit to the Department under the direction of which said work is being, or has been, prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States for his or their use and benefit against said contractor and sureties and to prosecute the same to final judgment and execution: *Provided,* That such action and its prosecutions shall involve the United States in no expense. Sec. 2. Provided that in such case the court in which such action is brought is authorized to require proper security for costs in case judgment is for the defendant." 28 Stat. 278, c. 280.

On the same day, August 13, 1904, Congress passed an act providing that whenever any recognizance, stipulation, bond or undertaking conditioned for the faithful performance of any duty, or for doing or refraining from doing anything in such recognizance, stipulation, bond or undertaking specified, is by the laws of the United States required or permitted to be given with one or more sureties, it should be lawful to accept such instrument from a corporation having power to guarantee the fidelity of persons holding positions of public or private trust, and to execute and guarantee bonds and undertakings in judicial proceedings. The act provided that

any surety company doing business under the provisions of that act "may be sued in respect thereof in any court of the United States which has now or hereafter may have jurisdiction of actions or suits upon such recognizance, stipulation, bond, or undertaking, in the district in which such recognizance, stipulation, bond, or undertaking was made or guaranteed, or in the district in which the principal office of such company is located." 28 Stat. § 5, c. 282, p. 279.

Proceeding under the above acts the United States, in 1899, made a written contract with one Churchyard to furnish labor, materials, tools and appliances for the construction of a public building, taking from him the required bond with the United States Fidelity and Guaranty Company, a corporation, as surety.

The present action, brought in the Circuit Court on that bond, was by the United States, "suing herein for the benefit and on behalf of James S. Kenyon," who furnished a contractor for use in the construction of the proposed Government building, materials of the value of $66.05, for which the latter neglected and refused to pay. Damages to the amount of $500 were claimed in the declaration.

The defendant, the United States Fidelity and Guaranty Company, pleaded that it did not owe the sum demanded. The plaintiff introduced testimony, but the defendant introduced none and it appearing upon the face of the declaration that the value of the matter in dispute was less than $2,000, he moved that the action be dismissed for want of jurisdiction in the Circuit Court. That motion was denied, and judgment for $206.47 was entered against the Fidelity and Guaranty Company for the use and benefit of Kenyon. *United States* v. *Churchyard,* 132 Fed. Rep. 82.

*Mr. Seeber Edwards,* with whom *Mr. George S. Cooper* and *Mr. James E. Smith* were on the brief, for plaintiff in error:

The amount involved in this case being less than $2,000 the jurisdiction of the Circuit Court must fail unless the act

creating the right confers jurisdiction or unless this is a controversy in which the United States is plaintiff, all other Federal jurisdictional requirements being wanting.

The act of August 13, 1894, c. 280, does not confer jurisdiction of this case upon the Circuit Court. Jurisdiction of a case of this kind cannot be conferred by implication. In the absence of an express provision to that effect, jurisdiction must fail unless it is given by some other statutory provision. *Livingston* v. *Van Ingen,* Fed. Cas. No. 8,420; *Bank of U. S.* v. *Deveaux,* 5 Cranch, 61; *Harrison* v. *Hadley,* Fed. Cas. No. 6,137; *Turner* v. *Bank of N. America,* 4 Dall. 8; *United States* v. *Hudson,* 7 Cranch, 32; *McIntire* v. *Wood,* 7 Cranch, 506; *Sheldon* v. *Still,* 8 How. 441.

This is not a controversy in which the United States is plaintiff within the contemplation of the statute which confers on the Circuit Court jurisdiction irrespectively of the amount involved. *Anniston Pipe Co.* v. *National Surety Co.,* 92 Fed. Rep. 549; *Guaranty Co.* v. *Brick Co.,* 191 U. S. 416.

The rule has been to regard the real rather than the merely nominal parties in determining questions of jurisdiction. *Brown* v. *Strode,* 5 Cranch, 303; *McNutt* v. *Bland,* 2 How. 9; *Coal Co.* v. *Blatchford,* 11 Wall. 172; *Huff* v. *Hutchinson,* 14 How. 586; *Walden* v. *Skinner,* 101 U. S. 577; *Wade* v. *Wortman,* 29 Fed. Rep. 754; *New Hampshire* v. *Louisiana,* 108 U. S. 76; *Maryland* v. *Baldwin,* 112 U. S. 490, and other cases.

The identical question of jurisdiction has already been decided in accordance with the contention of the plaintiff in error in three exactly similar cases. *United States* v. *Henderlong,* 102 Fed. Rep. 2; *United States* v. *Sheridan,* 119 Fed. Rep. 236; *United States ex rel. Maxwell* v. *Barrett,* 135 Fed. Rep. 189.

*Mr. Edward D. Bassett* for defendant in error:

The United States is a real, not a nominal, party to the action on the contractor's bond. It was the intention of Congress when this act was passed to aid the United States in

prosecuting public works; for by the terms of the act a ma-·
terialman was. in no danger of losing his money; hence would
furnish materials and labor promptly.  There was a general
scheme providing for the improvement and advancement of
public work, as is shown by similar legislation passed the same
day.  28 Stat. 278, 279:·

. It must have been the intent of Congress that the action
provided for in the act should·be brought in the courts of the
United States.  Chap. 280 of the act of August 13, 1894, ex-
pressly makes the United States the legal plaintiff.  In suits at
law the legal interest alone is regarded in testing the juris-
diction of the United States courts.  *Colson* v. *Lewis*, 2 Wheat.
377; *Irvine* v. *Lowry*, 14 Peters; 293; *Dodge* v. *Tulley*, 144 U. S.
451.  The provisions allowing suits to be brought on certified
copies of contract bonds and for security for costs, etc., should
be applicable only to courts subject to congressional legisla-
tion.

The rights of the materialman arising by virtue of an act
of Congress can only be enforced in the courts of the United
States.  *Martin* v. *Hunter*, 1 Wheat. 330; *Ellis* v. *Norton*,
16 Fed. Rep. 4; *United States* v. *Lathrop*, 17 Johns. 3; *New
Orleans &c.* v. *Mississippi*, 102 U. S. 135; *Bock* v. *Perkins*,
139 U. S. 621.

The United States might at any time wish to intervene in
suits of this kind, as in fact it did intervene in the case of
*American Surety Co.* v. *Lawrenceville Cement Co.*, 96 Fed.
Rep. 25, which it could do only in the courts of the United
States.  In that case the United States would sue in one court
and the materialman would·be obliged to sue in a state court;
thus proper adjustment of the equities could not be accom-
plished.

The United States has a real, not merely a nominal, interest
in the bond, 'and. the United States, having obtained the
benefit of material furnished and prompt service, permits
parties to be subrogated to its rights.  *American Surety Co.*
v. *Lawrenceville Cement Co.*, 96 Fed. Rep. 25; *United States*

v. *National Surety Co.*, 34 C. C. A. 529; *United States* v. *American Surety Co.*, 200 U. S. 197.

Jurisdiction of the United States courts has been sustained in analogous cases where the United States permits parties where bonds are taken in the name of the United States to bring suit upon them. *Adler* v. *Newcombe*, 2 Dill. 45; *United States* v. *Davidson*, 1 Biss. 433; *Bock* v. *Perkins*, 139 U. S. 628; *Howard* v. *United States &c.*, 184 U. S. 676, 681, following *Bock* v. *Perkins.*

MR. JUSTICE HARLAN, after making the foregoing statement, delivered the opinion of the court.

This case is here upon a certificate as to the original jurisdiction of the Circuit Court of the United States of this action. A Circuit Court of the United States, as provided in the Judiciary Act of 1887–88, may take original cognizance of any suit, at common law or in equity, arising under the laws of the United States, if the value of the matter in dispute exceeds two thousand dollars, exclusive of interest and costs: 25 Stat. 433, c. 866. But if, within the meaning of that act, the United States is the plaintiff in the action, then jurisdiction exists in a Circuit Court without regard to such value. *United States* v. *Sayward*, 160 U. S. 493; *United States* v. *Shaw*, 39 Fed. Rep. 433; *United States* v. *Kentucky River Mills*, 45 Fed. Rep. 273; *United States* v. *Reid*, 90 Fed. Rep. 522.

The contention of the Fidelity Company is that the Government, in this case, is to be deemed a nominal party only, its name being used as plaintiff simply under the authority of the above act of 1894, c. 280. In support of this position our attention is called to the following among other cases: *Browne* v. *Strode*, 5 Cranch, 303; *McNutt* v. *Bland*, 2 How. 9, 14; *Maryland* v. *Baldwin*, 112 U. S. 490; *Stewart* v. *B. & O. R. R. Co.*, 168 U. S. 445.

*Browne* v. *Strode* was a suit in the Circuit Court for the District of Virginia in which the persons named in the declara-

tion as plaintiffs were justices of the peace, all citizens of Virginia. The suit was on a bond given by an executor in conformity with a Virginia statute, and was for the recovery of a debt due from the testator in his lifetime to an alien, a British subject. The defendant was a citizen of Virginia. This court held that the Circuit Court had jurisdiction, notwithstanding the justices and the defendant were all citizens of the same State. This was, we assume, upon the ground that the justices were nominal parties only, while the beneficial party was an alien, and the defendant a citizen of the State in which the suit was brought.

*McNutt* v. *Bland* was a suit upon a bond given by a sheriff and running to the governor of the State, conditioned for the faithful performance of the duties of his office. The statute authorized suit to be brought and prosecuted from time to time at the cost of any party injured until the whole amount of the penalty was recovered. The suit was brought in the name of the governor for the use of certain parties who were citizens of New York. The court held that the sheriff and his sureties, citizens of Mississippi, could be sued by the parties in interest in their own name, and that no sound reason could be perceived "for denying the right of prosecuting the same cause of action against the Sheriff and his sureties in the bond, by and in the name of the Governor, who is a purely naked trustee for the party injured. He is a mere conduit through whom the law affords a remedy to the person injured by the acts or omissions of the Sheriff; the Governor cannot prevent the institution or prosecution of the suit, nor has he any control over it. The real and only plaintiffs are the plaintiffs in the execution, who have a legal right to make the bond available for their indemnity, which right could not be contested in a suit in a state court of Mississippi, nor in a Circuit Court of the United States, in any other mode of proceeding than on the Sheriff's bond."

*Maryland* v. *Baldwin*, 112 U. S. 490, 491, was an action in a state court on an administrator's bond in the name of the

State for the benefit..of one Markley, a citizen of New Jersey, the obligors in the bond being citizens of Maryland. The action was removed to the Circuit Court of the United States. After referring to the cases of *Browne* v. *Strode* and *McNutt* v. *Bland*, the court said: "The justices of the peace in the one case and the governor in the other were mere conduits through whom the law afforded a remedy to persons aggrieved, who alone constituted the complaining parties. So in the present case the State is a mere nominal party; she could not prevent the institution of the action, nor control the proceedings or the judgment therein. The case must be treated, so far as the jurisdiction of the Circuit Court of the United States is concerned, as though Markley was alone named as plaintiff; and the action was properly removed to that court."

*Stewart* v. *Balt. & Ohio R. R. Co.* was an action against a railroad company by an administrator to recover damages for the benefit of a widow whose husband's death was alleged to have been caused by the negligence of the defendant company. In the course of the discussion of the controlling questions in that case the court observed in passing that "for purposes of jurisdiction in the Federal courts regard is had to the real rather than to the nominal party," and that even in an action of tort "the real party in interest is not the nominal plaintiff but the party for whose benefit the recovery is sought."

This case differs from those just cited and stands, we think, on exceptional grounds. The United States is not here a merely nominal or formal party. It has the legal right, was a principal party to the contract, and, in view of the words of the statute, may be said to have an interest in the performance of all its provisions. It may be that the interests of the Government, as involved in the construction of public works, will be subserved if contractors for such works are able to obtain materials and supplies promptly and with certainty. To that end Congress may have deemed it important to assure those who furnish such materials and supplies that the Government would exert its power directly for their protection. It

may well have thought that the Government was under some obligation to guard the interests of those whose labor and materials would go into a public building. Hence, the statute required that, in addition to a penal bond in the usual form, one should be taken that would contain the specific, special obligation directly to the United States that the contractor or contractors "shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work." The Government is a real party here because the declaration opens, "The United States, suing herein for the benefit of and on behalf of James Kenyon . . . . comes and complains," and alleges that the "defendants became and are indebted to the United States for the benefit of the said James S. Kenyon." In a large sense the suit has for its main object to enforce that provision in the bond that requires prompt payments by the contractor to materialmen and laborers. The bond is not simply one to secure the faithful performance by the contractor of the duties he owes directly to the Government in relation to the specific work undertaken by him. It contains, as just stated, a special stipulation with the United States that the contractor shall promptly make payments to all persons supplying labor and materials in the prosecution of the work specified in his contract. This part of the bond, as did its main provisions, ran to the United States, and was therefore enforcible by suit in its name. We repeat, the present action may fairly be regarded as one by the United States itself to enforce the specific obligation of the contractor to make prompt payment for labor and materials furnished to him in his work. There is therefore a controversy here between the United States and the contractor in respect of that matter. The action is none the less by the Government as a litigant party, because only one of the persons who supplied labor or materials will get the benefit of the judgment. We are of opinion, in view of the peculiar language of the act of 1894 for the protection as well of the United States as of all persons furnishing materials and labor

for the construction of public works, that it is not an unreasonable construction of the words in the Judiciary Act of 1887–88, "or in which controversy the United States are plaintiffs or petitioners," to hold that the United States is a real and not a mere nominal plaintiff in the present action, and therefore that the Circuit Court had jurisdiction.

This interpretation of the statute finds some support in the above act of 1894, c. 282, passed the same day as the act, c. 280, for the protection of materialmen and laborers, and which provides that suits against a fidelity or guaranty corporation, accepted as surety in any recognizance, stipulation, bond or undertaking given to the United States, may be sued in any court of the United States having jurisdiction of suits upon such instrument. There is in that act no express limitation as to the amount involved in suits of that character in either of the acts passed in 1894. Taking the two acts together, there is reason to say that Congress intended to bring all suits, embraced by either act, when brought in the name of the United States, within the original cognizance of the Circuit Courts of the United States, without regard to the amount in dispute. And this view as to the intention of Congress is strengthened by an examination of the act of February 24, 1905, 33 Stat. 811, c. 778, which amends the above statute of 1904, c. 280. After providing that persons supplying labor and materials for the construction of a public work shall have the right to intervene in any suit brought by the United States against the contractor, that act declares that if no such suit is brought by the United States within six months after completion of the contract, then the person supplying labor or material to the contractor "shall have a right of action and shall be and are hereby authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, *irrespective of the amount in controversy in such suit,* and not elsewhere, for his or their use and benefit, against said contractor and his sure-

ties, and to prosecute the same to final judgment and execution."

It is true that this statute can have no direct application here, because the present action was instituted long prior to its passage and after the trial court had decided the question of the jurisdiction of the Circuit Court. As the act of 1905 does not refer to cases pending at its passage, the question of jurisdiction depends upon the law as it was when the jurisdiction of the Circuit Court was invoked in this action. Nevertheless, that act throws some light on the meaning of the act of 1894, c. 280, for the protection of materialmen and laborers, and tends to sustain the view based on the latter act, namely, that in suits brought in the name of the Government for their benefit the United States is a real litigant, not a mere nominal party, and that of such suits, the Government being plaintiff therein, and having the legal right, the Circuit Court may take original cognizance without regard to the value of the matter in dispute. There are cases which take the opposite view, but the better view we think is the one expressed herein.

The judgment is

*Affirmed.*

MR. JUSTICE BREWER dissents.