THE UNITED STATES OF AMERICA, for the use and benefit of LEWERS & COOKE, LIMITED, a Corporation, *vs.* BURRELL CONSTRUCTION COMPANY, a Corporation, and the AETNA INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, a Corporation.

April 14, 1908.

*Construction of statutes*: The United States is a real, rather than a nominal party, to proceedings brought in its name, by creditors of contractors for the construction of public buildings on account of materials or labor furnished to such contractors, under act of Congress of February 24, 1905: 33 Stat. L., part 1, p. 811.

*Jurisdiction—U. S. Circuit Courts:* This being so, United States Circuit Courts have jurisdiction of such cases.

*Same—U. S. District Court, District of Hawaii*: The U. S. District

Court for the Territory of Hawaii, having the powers and jurisdiction of a circuit court, has jurisdiction of such cases.

*Same—Same—Construction*: The fact that the act of February 24, 1905, was passed after the organic act which gave such powers to the said district court, does not affect the question, for such powers by reasonable construction were intended to include such new powers as subsequent legislation might add to the then existing powers of the circuit courts; but if not, the fact that the act of February 24, 1905, is an amendment and enlargement of the act of August 13, 1894, which, together with the act of August 13, 1888, conferred the same jurisdiction upon the circuit courts as was given by the act of 1905, still supports the jurisdiction of the district court, such act of 1894 antedating the organic act.

*At Law*: Plea to the jurisdiction and motion to quash the summons and the service thereof.

*Smith & Lewis*, Attorneys for Plaintiff.

*Thompson & Clemons*, Attorneys for Defendant The Aetna Indemnity Company.

*R. W. Breckons* and *W. W. Thayer*, Appearing as *Amici Curiae*.

DOLE, J. This case is brought under the act of Congress of February 24, 1905 (33 Stat. L., part 1, chap. 778, p. 811).

The first ground offered for the plea and motion is that the United States is not a real party to the proceedings but merely "a formal or nominal party," and therefore there is no jurisdiction in a circuit court of the United States to entertain such a suit.

The act of Congress of August 13, 1888 (25 Stat. L., chap. 866, p. 433), gives the circuit courts of the United States concurrent jurisdiction "with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, * * * in which controversy the United States are plaintiffs, or petitioners." The act of Congress of August 13, 1894,—"An act for the protection of persons furnishing materials and labor for the construction of public works" (28 Stat. L., chap. 280, p. 278), re-

quires that the bonds of contractors for the construction of a public building shall, in addition to the usual obligations, contain the obligation that they shall promptly make payments to all persons supplying them labor and materials in the prosecution of such work; and that such persons may, where such payment has not been made, upon a proper showing, have a right of action in the name of the United States for their use and benefit against such contractors and their sureties. On the 24th day of February, 1905, an act of Congress was approved, amending and enlarging the last mentioned act, by which among other things such creditors were authorized, under certain conditions, to bring their actions in the name of the United States in the circuit court of the United States in the district in which such contract was to be performed, "and not elsewhere."

In the case of the *United States Fidelity and Guaranty Co. v. the United States for the Benefit of Kenyon,* 204 U. S. 349, which was a case similar in character to the one now before this court, the court said:

" The United States is not here a merely nominal or formal party. It has the legal right, was a principal party to the contract, and, in view of the words of the statute, may be said to have an interest in the performance of all its provisions. It may be that the interests of the government, as involved in the construction of public works, will be subserved if contractors for such works are able to obtain materials and supplies promptly and with certainty. To that end Congress may have deemed it important to assure those who furnish such materials and supplies that the government would exert its powers directly for their protection. It may well have thought that the government was under some obligation to guard the interests of those whose labor and materials would go into a public building. Hence, the statute required that, in addition to a penal bond in the usual form, one should be taken that would contain the specific, special obligation directly to the United States that the contractor or contractors 'shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work.' * * * In a large sense the suit has for its main object to enforce that provision in the bond that

requires prompt payments by the contractor to materialmen and laborers. The bond is not simply one to secure the faithful performance by the contractor of the duties he owes directly to the government in relation to the specific work undertaken by him. It contains, as just stated, a special stipulation with the United States that the contractor shall promptly make payments to all persons supplying labor and materials in the prosecution of the work specified in his contract. This part of the bond, as did its main provisions, ran to the United States, and was therefore enforcible by suit in its name. We repeat, the present action may fairly be regarded as one by the United States itself to enforce the specific obligation of the contractor to make prompt payment for labor and materials furnished to him in his work. There is therefore a controversy here between the United States and the contractor in respect of the matter. * * * We are of opinion, in view of the peculiar language of the act of 1894 for the protection as well of the United States as of all persons furnishing materials and labor for the construction of public works, that it is not an unreasonable construction of the words in the Judiciary Act of 1887-88, 'or in which controversy the United States are plaintiffs or petitioners,' to hold that the United States is a real party and not a mere nominal plaintiff in the present action, and therefore that the circuit court had jurisdiction" (356-358).

The court having discussed the question, so far, under the provisions of the act of August 13, 1894, refers to the act of February 24, 1905, in the following words: "And this view as to the intention of Congress is strengthened by an examination of the act of February 24, 1905, 33 Stat. 811, c. 778, which amends the above statute of 1894, c. 280." ·

In view of this decision it is unnecessary to further refer to the earlier cases cited by the defendants on this point, as it is settled that the United States is a real party in such proceedings and that circuit courts have jurisdiction.

The remaining ground of the plea is that, inasmuch as the act of February 24, 1905, authorizes such actions in the circuit court of the United States, and does not mention district courts, there is no jurisdiction in the District Court of the United States

for the District of Hawaii, for entertaining them, notwithstanding the provision of the organic act giving to such court the jurisdiction and powers of a circuit court. The law on this point is in section 86 of the organic act (April 30, 1900: 31 Stat. L., c. 339, p. 158), and is as follows: "Said court [referring to the district court created by such section] shall have, in addition to the ordinary jurisdiction of district courts of the United States, jurisdiction of all cases cognizable in a circuit court of the United States, and shall proceed therein in the same manner as a circuit court; and said judge * * * shall have and exercise in the Territory of Hawaii all the powers conferred by the laws of the United States upon the judges * * * of district and circuit courts of the United States. Writs of error and appeals from said district court shall be had and allowed to the circuit court of appeals in the ninth judicial circuit in the same manner as writs of error and appeals are allowed from circuit courts to circuit courts of appeals as provided by law."

This is obviously intended to provide a·court with full circuit court powers. It would appear that Congress considered that it might be a long time before a distinct circuit court would be established in this Territory, and so intended to furnish the inhabitants with all the remedies within the jurisdiction of a circuit court, by conferring the extra powers referred to on the district court. The enactment is sweeping and clear and definite, and would seem to need no explanation. The point is made by counsel for the Aetna Indemnity Company, defendant, that as the act of February 24, 1905, was passed after the enactment of the organic act, it is a question whether its provisions can apply to this case. It is my opinion that the words of the organic act support the construction that Congress intended that the special jurisdiction conferred should also include such new powers as might be acquired by the circuit courts by future legislation. In any case the act of 1905 is an amendment and enlargement of the act of August 13, 1894,

which antedates the organic act and which, together with the act of August 13, 1888, furnishes the law under which the *Kenyon* case was decided.

Under the foregoing authorities and considerations, the plea to the jurisdiction is overruled and the motion to quash denied.