CHICAGO BONDING & SURETY CO. v. UNITED STATES, for Use of
FRANK ADAMS ELECTRIC CO. et al.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1919.)

No. 2658.

1. TRIAL ⊜⇒408—WAIVER OF OBJECTIONS TO TRANSFER OF CAUSE FROM EQUITY
TO LAW.

Where the court had general jurisdiction of a cause, a defendant, which
objected to its transfer from the equity to the law side on plaintiff's mo-
tion, and consented to and participated in its trial in equity, *held* estopped
to challenge thereafter the jurisdiction in equity.

2. UNITED STATES ⊜⇒67(3)—SUIT BY MATERIALMAN ON BOND OF CONTRACTOR
FOR PUBLIC WORK.

In a suit by the United States on the bond of a contractor for public
work, brought under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905,
c. 778, 33 Stat. 811 (Comp. St. § 6923), the right to recover on behalf of a
subcontractor is not affected by the fact that it is represented by a receiv-
er, who could not sue in that jurisdiction.

3. RECEIVERS ⊜⇒167—AUTHORITY TO SUE IN FOREIGN JURISDICTION.

A receiver for a corporation, although without authority to sue in a
foreign jurisdiction for a debt due the corporation, may maintain such a
suit to recover for property sold by him as receiver.

4. APPEAL AND ERROR ⊜⇒1054(1)—HARMLESS ERROR IN ADMISSION OF INCOMPE-
TENT EVIDENCE.

In an equity suit tried to the court, where there was competent evidence
on an issue, uncontradicted, the fact that incompetent evidence to the
same effect was admitted is not reversible error.

5. APPEAL AND ERROR ⊜⇒187(3)—OBJECTION TO NONJOINDER OF PARTY IN LOW-
ER COURT.

In a suit to which a bankrupt is made defendant, the objection that his
trustee is not joined cannot be raised for the first time in the appellate
court.

6. UNITED STATES ⊜⇒67(2)—RIGHTS OF SUBCONTRACTOR UNDER BOND OF CON-
TRACTOR FOR PUBLIC WORK.

That material or labor was supplied to a contractor for public work
under a subcontract does not exclude the one supplying it from the pro-
tection of the contractor's bond, given under Act Aug. 13, 1894, as amend-
ed by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. § 6923).

7. UNITED STATES ⊜⇒67(3)—EVIDENCE IN ACTION ON BOND OF CONTRACTOR FOR
PUBLIC WORK.

Where material or labor is supplied to a contractor for public work
under a subcontract which fixes the price, evidence of its market value is
not required in an action on the contractor's bond for the benefit of the
subcontractor, in the absence of any showing by the defendant surety of
collusion or mutual mistake between the contractor and subcontractor in
fixing the contract price.

Appeal from the District Court of the United States for the Eastern
District of Illinois.

Suit in equity by the United States, for the use of the Frank Adams
Electric Company and others, against the Chicago Bonding & Surety
Company. Decree for complainant, and defendant appeals. Affirmed.

Charles B. Stafford, of Chicago, Ill., for appellant.

Walter C. Lindley, of Danville, Ill., for appellees.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BAKER, Circuit Judge. Appellant signed as surety the bond of Contractor Shields to assure the erection of a post office building. Shields failed to pay his bills in full. Appellant attacks the decree which directs it to pay the unsatisfied labor and material claims.

[1] Citing Illinois Surety Co. v. United States, 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609, appellant insists that only an action at law is permissible and therefore we should reverse the decree, with direction to dismiss the bill for want of jurisdiction or want of equity. The United States, for the use of claimants, began its pursuit of appellant by an action in debt. But, conceiving that a suit in equity was necessary or at least more adequate, plaintiff moved to transfer the cause to the chancery side. Transfer was made without objection. After appellant had answered the bill and intervening petitions without raising any objection to a trial in chancery, counsel for plaintiff noticed the then recent decision above cited, and moved to transfer the cause back to the law side. In opposing the motion appellant made the following record:

"Chicago Bonding & Surety Company, being present in court by its solicitor, objects to said transfer and now consents to this cause remaining on the equity side of the court."

Whereupon plaintiff's motion was denied. Without moving for a transfer to the law side, appellant participated in the trial before the master, and then objected to the report on the ground that plaintiff had an adequate remedy at law. Plainly the assignment of error based on the overruling of that objection is unavailable. The District Court, on one side or the other, had jurisdiction of the subject-matter, and the parties were before it. Appellant was heard by the court without a jury, as its solicitor insisted it should be heard. If the recited entry is not formally sufficient as a waiver of jury trial, at least that entry and appellant's conduct thereunder suffice to stop appellant from blowing hot and cold. Sanders v. Riverside, 118 Fed. 720, 55 C. C. A. 240; Illinois Surety Co. v. United States, 215 Fed. 334, 131 C. C. A. 476; United States v. Illinois Surety Co., 226 Fed. 653, 141 C. C. A. 409; Reynes v. Dumont, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934.

[2] One of the claims, based on a contract between Shields and United States Safe Company, was filed by the United States for the use of that company. During the trial it appeared that the common pleas court of Allegheny county, Pa., had appointed a receiver, and thereupon the bill was amended to show that the United States was prosecuting that claim for the use of the receiver. Appellant contends that the decree as to that claim must be reversed, because in federal jurisprudence a chancery receiver's authority is confined to the jurisdiction in which he was appointed. Booth v. Clark, 17 How. 322, 15 L. Ed. 164.

1. Shields's contract was with the United States. One of his promises to the United States, secured by his bond, was to make prompt payments for materials and labor. This suit was by the United States itself, and in its own interest as well as that of the claimants, to enforce that specific obligation. United States F. & G. Co. v. United States, 204 U. S. 349, 27 Sup. Ct. 381, 51 L. Ed. 516. Assuredly the United

States had authority to sue in the federal courts in Illinois. And assuredly the receiver has authority to accept payment from the United States in Pennsylvania.

[3] 2. The receiver was appointed before anything had been furnished by the company. Thereafter all correspondence and transactions were between Shields and the receiver. So, even if this be regarded as the receiver's suit, it is seen that he is suing as the owner of an obligation for goods sold and delivered by him, and not as receiver of a chose in action belonging to the company. High on Receivers, p. 161; Alderson on Receivers, p. 760.

Several assignments are based on alleged errors in the admission of evidence. As the strongest example, appellant selects the following in plaintiff's examination of Shields as a witness:

"Q. You may state whether or not, after the writing of these letters, the Frank Adams Electric Company did furnish the electric fixtures and equipment complete for the Harrisburg, Illinois, post office? A. Yes, sir."

The letters show the company's agreement with Shields to install the electric fixtures and equipment in accordance with the government's plans and specifications which were the basis of the correspondence. One line of objection was that the witness should have been asked specifically, item by item, what the electric company put into the building. Inasmuch as the witness was the contractor, who was familiar with the specifications and with his contract with the electric company, it was proper to allow the question, leaving appellant to cross-examine respecting any items supposed to be omitted or other deviation from the contract.

[4] The remaining objection is that the cross-examination disclosed that the witness had no personal knowledge of the installation and was relying on the report of his superintendent. Passing appellant's failure to move to strike out the question and answer when the answer was found to be hearsay, and also passing appellant's failure to follow any of the objections with exceptions, we find that appellant was not harmed, because the master and the court had before them the testimony of Shields's superintendent, based on his personal knowledge, and the fact of the government's acceptance of the installation as complete; and presumptively the master and the court acted on the competent evidence and disregarded the hearsay. Appellant introduced no evidence whatever.

[5] One section of appellant's brief is devoted to a contention that the decree should be reversed because Shields's trustee in bankruptcy was not made a party. We have checked up appellant's 25 assignments of error, and none of them even suggests this question. Our examination of the record has failed to disclose that such a question was ever made before the master or the court. No showing. No motion. Nothing but the unsupported contention in the brief which has led us to an extended examination of the assignments and the voluminous record.

[6] Claimants in this case were subcontractors under Shields. Relying on People v. Cotteral, 119 Mich. 27, 77 N. W. 312 and People v. Banhagel, 151 Mich. 40, 114 N. W. 669, appellant asserts that the claimants are beyond the protection of the federal statute. But those

cases were construing a Michigan statute, and the Supreme Court of Michigan, in United States v. Jack, 124 Mich. 210, 82 N. W. 1049, held that its local precedents were not applicable to the federal statute, whose "language could not well be more comprehensive," and whose plain purpose was to protect "all persons supplying the contractor labor and materials provided for in such contract." Appellant must have been aware of this intervening Michigan decision, and must have known that, while no one had heretofore presumed to contend in a federal court that a subcontractor is outside the wording and intent of the federal statute, the federal courts sub silentio had uniformly included subcontractors within the benefits of the statute. This is shown in many cases, notably in Illinois Surety Co. v. United States, 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609, cited by appellant in support of its first assignment of error.

[7] Appellant's final urge for reversal is that plaintiff introduced no evidence of the fair cash market value of the labor and materials furnished by the claimants. But Shields had covered the matter of price by contracts. Prima facie the contract price was the fair cash market value. Foster v. Swaback, 58 Ill. App. 581. Appellant made no attempt to show that Shields and the claimants had collusively or otherwise agreed upon more than the true market value.

We have now followed through the assignments which were presented in argument. None casts even a shadow of doubt upon the decree. Most of the assignments were not argued. A very large part of the record of the evidence is taken up with statements of objections which appellant has not thought worthy of so much as a waived assignment of error. We have treated the case thus fully in order to justify our conviction that a clear case, with no defense, has been obstructed in order to delay payment. Seven claims are involved. Five of them run from $200 to $800; one is for $1,300; one for $2,200. Taxable costs cannot be made to reimburse the claimants for the expenses for briefs and oral arguments on appeal. Paragraph 3 of rule 28 (235 Fed. xii, 148 C. C. A. xii) should be applied.

The decree is affirmed, with interest and costs, and with damages in the sum of 10 per cent. of the face of the claims.