**BARNARD–CURTISS COMPANY and The Seaboard Surety Company, Surety, Appellants,**

v.

**UNITED STATES of America, for the use and benefit of D. W. FALLS CONSTRUCTION CO., and Ace Construction Co., Appellees.**

**No. 5741.**

United States Court of Appeals Tenth Circuit.

Jan. 22, 1958.

See also 244 F.2d 565.

T. B. Keleher, Albuquerque, N. M., for appellants.

James Tilly, Denver, Colo., for appellees.

Before HUXMAN, MURRAH and BREITENSTEIN, Circuit Judges.

PER CURIAM.

In this proceedings under the Miller Act, 40 U.S.C.A. §§ 270a–270d, the successful party below moves for dismissal of the appeal on the grounds that, not having been filed within thirty days from the entry of the judgment, the appeal is untimely and this court is without jurisdiction to entertain it. Rule 73(a), Fed. Rules Civ.Proc. 28 U.S.C.A. provides in effect that an appeal from a district court to a court of appeals may be taken within thirty days from the entry of the judgment appealed from, except that in any action in which the United States is a party, the time as to all parties shall be sixty days from such entry.

The notice of appeal was not filed until thirty-one days after entry of the judgment. If, therefore, the government is not a party to the action, the appeal must be dismissed.

The determination of our question turns on a construction of the Miller Act, providing in substance that before a con-

tract may be awarded for the construction, alteration, or repair of any public building or public work of the United States, the person to whom the contract is to be awarded must furnish to the United States a performance bond for the protection of the United States, and also a payment bond for the protection of persons supplying labor and material in the work, for the use of the person supplying such labor or material. Persons who have not been paid for furnishing labor or material may sue upon the payment bond, and actions commenced by them must be brought in the name of the United States for the use and benefit of the person suing, in the United States District Court for the district in which the contract was performed.

In United States Fidelity & Guaranty Co. v. United States for Benefit of Kenyon, 204 U.S. 349, 27 S.Ct. 381, 383, 51 L.Ed. 516, the court had occasion to consider the precise question involved here, arising under the Miller Act's predecessor, 28 Stat. 278, which was not materially altered by the Miller Amendment. The court specifically held the United States to be a real party to the action, pointing out that the United States is a principal party to the contract, and that "the interests of the government, as involved in the construction of public works, will be subserved if contractors for such works are able to obtain materials and supplies promptly and with certainty. To that end Congress may have deemed it important to assure those who furnish such materials and supplies that the government would exert its power directly for their protection." And see Davidson Bros. Marble Co. v. United States ex rel. Gibson, 213 U.S. 10, 29 S.Ct. 324, 53 L.Ed. 675.

In support of his motion to dismiss the appeal, petitioner relies solely on Virginia Land Co. v. Miami Shipbuilding Corp., 5 Cir., 201 F.2d 506. In that case, however, the appealing party was joined in the trial court over the objection of the government, and it appears that any controversy between the government and the appellant was finally determined in the trial court. On appeal of the case, the United States had no possible interest in the issues involved. Such is not the case here, for the interest of the government remains the same on appeal as it was in the proceedings below; its concern with the outcome of the litigation has in no way been terminated. Nor was our appellant joined in the proceedings below only at the direction of the trial court. See Division of Labor Law Enforcement v. Stanley Restaurants, 9 Cir., 228 F.2d 420.

United States, for Use of Mutual Metal Mfg. Co. v. Biggs, D.C., 46 F.Supp. 8, and United States, to Use and Benefit of Platten v. Bush Const. Co., D.C., 109 F.Supp. 378, to the effect that the government is a mere formal or nominal party to actions under the Miller Act, are not persuasive. In the Biggs case, the statement is made without citation of authority, and in Bush, the court relied upon cases collected at 77 A.L.R. 205. Some of these cases are concerned with state statutes and have no application here. Of the cases construing the Miller Act's predecessors, only Equitable Surety Co. v. United States, to Use of W. McMillan & Son, 234 U.S. 448, 34 S.Ct. 803, 805, 58 L.Ed. 1394 was decided subsequent to Kenyon. While that case indicates that the Government is a mere trustee for the benefit of labormen or materialmen under the bond, it nevertheless establishes the direct concern of the government with performance of contractors under the bond, holding that, "The public is concerned not merely because laborers and materialmen (being without the benefit of a mechanics' lien in the case of public buildings) would otherwise be subject to great losses at the hands of insolvent or dishonest contractors, but also because the security afforded by the bond has a substantial tendency to lower the prices at which labor and material will be furnished, because of the assurance that the claims will be paid." The Kenyon case is not cited, and there is nothing in the language of the McMillan opinion to suggest a contrary disposition.

Other cases holding the United States to be only a nominal party in these controversies are Burrell v. United States, 9 Cir., 147 F. 44; United States ex rel. Maxwell v. Barrett, C.C., 135 F. 189; United States, to Use of Edward Hines Lumber Co. v. Henderlong, C.C., 102 F. 2; United States, to Use of Salem-Bedford Stone Co. v. Sheridan, C.C., 119 F. 236, and United States, to Use of Anniston Pipe & Foundry Co. v. National Surety Co., 8 Cir., 92 F. 549. All of these cases were decided prior to Kenyon, and they therefore must be considered in its light. Under authority of that decision, we must conclude that the government is a party to the action and that all of the parties are accorded sixty days in which to perfect an appeal.