**162**

UNITED STATES of America, For the use and benefit of BROWNE & BRYAN LUMBER CO., Inc., Plaintiff,

v.

MASSACHUSETTS BONDING AND INSURANCE COMPANY, Defendant,

and

Ove Gustavsson Contracting Co., Inc., Intervenor.

No. 60–C–334.

United States District Court
E. D. New York.

Jan. 9, 1962.

See also, D.C., 195 F.Supp. 26.

Philip G. Fitz, New York City, for use-plaintiff.

Max J. LeBoyer, Brooklyn, N. Y., for defendant.

Anthony B. Cataldo, New York City, for intervenor.

BARTELS, District Judge.

On December 15, 1961 the Intervenor filed a Notice of Appeal from an order of this Court dated November 13, 1961,— a period exceeding thirty (30) days. Defendant moves, by a motion in which the use-plaintiff has joined, to dismiss the said Notice of Appeal as untimely, upon the ground that it was filed after the lapse of thirty days. Intervenor cross-moves to extend its time to appeal to January 12, 1962.

Defendant argues that pursuant to Rule 73(a), Fed.Rules Civ.Proc., 28 U.S. C.A., the time to notice an appeal is thirty days from entry of the judgment, which time had elapsed prior to the filing of intervenor's notice. Intervenor, on the other hand, contends that in this action, brought under the Miller Act, 40 U.S.C.A. § 270a et seq., the United States is a party and that therefore the time for all parties to appeal, under Rule 73(a), is sixty and not thirty days.

Defendant relies upon Virginia Land Co. v. Miami Shipbuilding Corp., 5 Cir., 1953, 201 F.2d 506. However, that case was not one brought pursuant to the Miller Act and is distinguishable on its facts. Intervenor insists that the United States is a real party in interest under the Miller Act, since it is a trustee for the use-plaintiff, and therefore continues to have an interest in a Miller Act case until the action has been finally determined, relying on Barnard-Curtiss Company v. United States, 10 Cir., 1958, 252 F.2d 94.

The Barnard-Curtiss decision is predicated upon United States Fidelity & Guaranty Co. v. United States for Benefit of Kenyon, 1906, 204 U.S. 349, 27 S.Ct. 381, 51 L.Ed. 516, holding that in Miller Act proceedings the United States is a real party in interest. The Tenth Circuit rejects all decisions prior to Kenyon and also two District Court decisions pointing to a contrary conclusion. United States for Use of Mutual Metal Mfg. Co. v. Biggs, D.C.Ill., 1942, 46 F.Supp. 8 (holding that a counterclaim against the

United States will not lie in a Miller Act action), and United States, to Use and Benefit of Platten v. Bush Const. Co., D.C.Mich., 1953, 109 F.Supp. 378 (holding that a Miller Act action will abate upon the death of the use-plaintiff if there is no timely substitution of party plaintiff).

While this Court is not bound by the decision of Barnard-Curtiss, it believes the conclusion therein stated is correct. In Miller Act proceedings it appears that it cannot be truthfully said that the United States is a "real party in interest", as that term is generally applied to legal proceedings. The Miller Act being *sui generis* no flat, all encompassing, statement of that nature is possible. But under the Miller Act the United States does have an administrative or policy interest in assuring payment to the use-plaintiff-contractor and accordingly in that sense may be said to be an interested party to the proceeding for the purpose of computing the time to appeal under Rule 73(a). Consequently, the motion to dismiss the notice of appeal as untimely will be denied. Intervenor's cross-motion is unnecessary.

Settle order within ten (10) days upon two (2) days' notice.