UNITED STATES of America, for the Use and Benefit of Telesfor (Ted) ROMERO, et al., Plaintiffs-Appellants,

v.

DOUGLAS CONSTRUCTION CO., INC., a corp., et al., Defendants-Appellees.

No. 75–1168.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 12, 1975.

Decided March 3, 1976.

Steven L. Tucker, Santa Fe, N. M. (J. E. Gallegos, of Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, N. M., on the brief), for plaintiffs-appellants.

Jay R. Gentry Ortiz, of Knight, Sullivan, Villella & Skarsgard, P. A., Albuquerque, N. M., for Clovis O. Herrera Corp. and American Fid. Fire Ins. Co., defendants-appellees.

Robert K. Patten, Albuquerque, N. M. (David R. Gallagher, of Gallagher, Ruud & Casados, Albuquerque, N. M., on the brief), for Douglas Const. Co., Inc., defendant-appellee.

Before HOLLOWAY, McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue here presented concerns the applicability of certain provisions of the Davis-Bacon Act to low-rent housing projects built in New Mexico by the Douglas Construction Co. for the All Indian Pueblo Housing Authority. The All Indian Pueblo Housing Authority, hereinafter referred to as All Indian, contracted with Douglas for the construction of two low-rent housing projects. Douglas' surety on both projects was United States Fidelity and Guaranty Company. Clovis O. Herrera Corporation was the plumbing subcontractor on both projects and its surety was American Fidelity Fire Insurance Company. Telesfor (Ted) Romero, Michael Romero and Ernest W. Vigil were employed as plumbers by Herrera on both projects.

After completion of the project the two Romeros and Vigil filed, pursuant to the Davis-Bacon Act and the Miller Act, claims with the contracting officer on the projects, alleging that they had been paid at the rate of only $3.73 per hour, instead of at the rate

of $8.92 per hour, which latter rate was the wage scale rate as determined by the Secretary of Labor for the kind of work they performed. The contracting officer upheld these claims and withheld from Douglas accrued payments totaling some $10,000. However, when Douglas, Herrera and the Comptroller General of the United States later refused to pay the additional wages allegedly due the two Romeros and Vigil, the latter instituted the present proceeding. Named as defendants in the action were Douglas, Herrera and their respective sureties. Jurisdiction was based on the Davis-Bacon Act, 40 U.S.C. § 276a, *et seq.* and the Miller Act, 40 U.S.C. § 270a, *et seq.* The action was brought in the name of the United States of America, for the use and benefit of Telesfor (Ted) Romero, Michael Romero and Ernest A. Vigil. The claim was that the sum of $12,672.68 was due the three named plaintiffs, said sum representing unpaid wages resulting from the fact that wages were computed on the basis of $3.73 per hour, instead of at the rate of $8.92 per hour, the latter, as indicated, having been the minimum wage set by the Secretary of Labor pursuant to the Davis-Bacon Act.

Herrera and its surety filed an answer to the complaint. Douglas and its surety filed a motion to dismiss based on the contention that the trial court lacked subject matter jurisdiction. In this regard it was Douglas' position that the low-rent housing projects here involved were not "Federal projects" within the meaning of 42 U.S.C. § 1416(1) and that under the terms of that statute neither the Davis-Bacon Act nor the Miller Act had application. The trial court granted the motion to dismiss and dismissed the action for lack of subject matter jurisdiction. This appeal follows.

■ At the outset we are faced with a jurisdictional problem of our own. The notice of appeal was filed more than thirty days, but less than sixty, after entry of the trial court's judgment dismissing the action. Rule 4(a) of the Federal Rules of Appellate Procedure provides that a notice of appeal in a civil case shall be filed with the clerk of the district court within thirty days from the date of the judgment, with the additional provision that if the United States is a party to the proceeding, then the notice of appeal may be filed by any party to the action within sixty days from the date of judgment. As indicated, the plaintiffs in the present proceeding were designated in the complaint as "United States of America, for the use and benefit of Telesfor (Ted) Romero, Michael Romero and Ernest A. Vigil." It is the appellants' position that the United States of America was a party to the action within the meaning of Rule 4(a) of F.R.A.P., and hence the notice of appeal, having been filed within sixty days from the date of judgment, was timely filed. We agree.

The substantive rights relied on in the instant proceedings by the plaintiffs are the minimum wage requirements of the Davis-Bacon Act. 40 U.S.C. § 276a. Under provisions of the Davis-Bacon Act the remedy for a laborer who has not been paid at the minimum wage designated by the Secretary of Labor is the remedy provided under the Miller Act. 40 U.S.C. § 276a–2(b). The Miller Act, in turn, provides that an unpaid laborer, for example, has the right to "sue on such payment bond" for the amount due. 40 U.S.C. § 270b(a). The Miller Act goes on to provide that "[E]very suit instituted under this section shall be brought in the name of the United States for the use of the person suing . . .." 40 U.S.C. § 270b(b). Our jurisdictional problem then turns on a determination as to whether the United States is a party to the present proceeding within the meaning of Rule 4(a) of F.R.A.P. Under the authorities referred to below, we conclude that the United States is a party and therefore the notice of appeal was timely filed.

The Supreme Court in *United States Fidelity Co. v. Kenyon*, 204 U.S. 349, 27 S.Ct. 381, 51 L.Ed. 516 (1906), was concerned with the statutory predecessor to the Miller Act. The plaintiff in *Kenyon* was designated as the United States, " 'suing herein for the benefit and on behalf of James S. Kenyon.' " Kenyon was a materialman and the

action was one for an unpaid bill for material in the sum of $66.05. Subject matter jurisdiction could only be established in the federal courts if the United States was a party to the proceeding. It was argued by way of defense that the United States was only a nominal party, at best, and that the real plaintiff was a private individual, in which event there was no subject matter jurisdiction for failure to meet the then existing jurisdictional requirement of $2,000. If the United States was itself a party to the action, then the $2,000 requirement was not applicable. In holding that the United States in such circumstances was a real litigant, and not a mere nominal party, the Supreme Court commented as follows:

> The United States is not here a merely nominal or formal party. It has the legal right, was a principal party to the contract, and, in view of the words of the statute, may be said to have an interest in the performance of all its provisions. It may be that the interests of the government, as involved in the construction of public works, will be subserved if contractors for such works are able to obtain materials and supplies promptly and with certainty. To that end Congress may have deemed it important to assure those who furnish such materials and supplies that the Government would exert its power directly for their protection.

Following the rule of *Kenyon*, the Tenth Circuit in *Barnard-Curtiss Company v. United States*, 252 F.2d 94 (10th Cir. 1958), held that the United States is a real party in interest in an action under the Miller Act and that the time within which a notice of appeal could be filed in such proceeding was sixty days, not thirty.

The appellees would escape the rule of *Kenyon* and *Barnard-Curtiss* by pointing out that in the instant case Douglas and Herrera did *not* contract with the United States, but with All Indian, and that the surety bonds in each instance ran in favor of All Indian and not the United States. This argument overlooks paragraph 14 in

the lease agreement between All Indian and Douglas. That paragraph reads as follows:

14. *Obligations to the United States*

It is understood and agreed that while the Premises are in trust or restricted status, all of the Lessee's [Douglas'] obligations under this Lease, and the obligation of its sureties, are to the United States as well as to the Lessor [All Indian].

In our view, under the rationale of *Kenyon* and *Barnard-Curtiss*, the United States is a party to the present proceeding and hence the notice of appeal need only be filed within sixty days from the date of judgment. We now address ourselves to the merits of the appeal, namely, did the trial court itself have subject matter jurisdiction?

■ 42 U.S.C. § 1401, *et seq.*, relates to low-rent housing and in connection therewith it is declared to be the policy of the United States to promote the general welfare by employing its funds and credit to assist the states and their subdivisions in providing decent housing for families of low income, "in urban, rural non-farm, and Indian areas." 42 U.S.C. § 1416 provides, in effect, that the Davis-Bacon Act and the Miller Act "shall apply to contracts [for low-rent housing] in connection with the development or administration of Federal projects and the furnishing of materials and labor for such projects." 42 U.S.C. § 1402(7) defines the term "Federal project" as "any project owned or administered by the Authority." 42 U.S.C. § 1402(6) defines the term "administration" as "any and all undertakings necessary for management, operation, maintenance, or financing, in connection with a low-rent housing or slum-clearance project, . . ." 42 U.S.C. § 1402(13) defines the term "Authority" as meaning the United States Housing Authority. The latter, i. e., the United States Housing Authority, is in turn a sub-agency of the Department of Housing and Urban Development, more familiarly known as HUD.

The trial court simply granted Douglas' motion to dismiss and entered an order dismissing the action, and in connection therewith gave no explanation as to the basis for its ruling. At least no such explanation is contained in the record now before us. In such circumstance, we assume, though we do not know, that the trial court was of the view that the low-rent housing projects with which we are here concerned were not "Federal projects" under 42 U.S.C. § 1416. At least this is the proposition which is now urged on us by Douglas. However, in the trial court Douglas offered nothing in the way of evidentiary matter in support of its motion to dismiss. It is true that the motion to dismiss was supported by a memorandum brief. And it is also true that the plaintiffs resisted the motion to dismiss with a memorandum brief of their own, supported by an affidavit of the executive director of All Indian. However, such is a most unsatisfactory method of ascertaining the degree of federal involvement in the development, ownership or maintenance of the two low-rent housing projects with which we are here concerned.

Douglas in its brief concedes, with commendable candor, that the "record on appeal contains a dearth of information pertaining to the procedures involved in constructing the low-rent public housing here in question." We agree and we are further of the view that this entire matter should be more fully explored by the trial court in an evidentiary hearing resulting in specific findings. On the record before us we are unable to determine whether the low-rent housing projects here involved are by virtue of 42 U.S.C. § 1416 subject to the provisions of the Davis-Bacon Act and the Miller Act. From the record before us we are unable to determine the actual relationship between HUD and the United States Housing Authority, on the one hand, and All Indian on the other hand. This entire matter should be the subject of closer judicial scrutiny.

Judgment reversed and the cause remanded for further proceedings consonant with the views herein expressed. If, after reconsideration of the matter, the trial court should determine that it has subject matter jurisdiction, then the trial court should proceed to hear the case on its merits. However, should the trial court, after evidentiary hearing, determine that it does not have subject matter jurisdiction then the instant appeal may be re-opened on motion, and the record made on remand may then be certified to this court and made a part of the present appeal. By this remand we do not mean to preclude the appellants from advancing alternative grounds for subject matter jurisdiction, if such they have.