972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ROCKY MOUNTAIN HELICOPTERS, INC., a Utah corporation,
Plaintiff-Appellant,
v.
BELL HELICOPTERS TEXTRON, INC., a Delaware corporation,
Defendant-Appellee.
 Nos. 91-4108.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 KELLY, Circuit Judge.
 
 
 1
 Plaintiff, a Utah corporation, appeals from the dismissal of its diversity action seeking compensation for the repair and replacement of two rotor blades on a helicopter designed and manufactured in Texas by Defendant, a Delaware corporation. While operating the helicopter in Alaska shortly after acquiring it, used, from a third party, Plaintiff discovered water trapped inside the rotor blades, contrary to design safety regulations of the Federal Aviation Agency. See 14 C.F.R. § 29.653(a)(3) (rotor blade must be designed to prevent water from becoming trapped in it). The problem necessitated substantial corrective expense at a time when the rotor blades still had nearly sixty percent of their 7200-hour maximum useful life remaining. The Complaint asserted five claims for relief, including breach of warranty, negligence per se, res ipsa loquitur, fraudulent misrepresentation, and negligent misrepresentation. The district court dismissed the action after a hearing on Defendant's Motion to Dismiss, and denied Plaintiff's Motion to Alter or Amend Judgment. This appeal followed.
 
 
 2
 This case must be decided under principles of state law. However, the summary rulings issued by the district court are not sufficient for our review in this regard. When the district court dismisses an action without providing a statement of the grounds for its disposition adequate for proper appellate review, remand for additional explanation is appropriate. See United States ex rel. Romero v. Douglas Constr. Co., 531 F.2d 478, 482 (10th Cir.1976); Armstrong v. Trico Marine, Inc., 923 F.2d 55, 58 (5th Cir.1991); Gould, Inc. v. Chafee, 450 F.2d 667, 669 (D.C.Cir.1971). We follow that course here. Furthermore, the parties have represented throughout the proceedings, and we agree, that the factual circumstances surrounding this case raise a substantial choice of law issue with respect to the various contract and tort claims asserted. We therefore include the unaddressed choice of law issue as part of the basis for, and subject of, our remand of this case. See McClelland Eng'rs, Inc. v. Munusamy, 784 F.2d 1313, 1319 (5th Cir.1986); see, e.g., Judge v. American Motors Corp., 908 F.2d 1565, 1575 (11th Cir.1990); Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n, 805 F.2d 663, 681-82 (7th Cir.1986), cert. denied, 480 U.S. 941 (1987).
 
 
 3
 The judgment of the United States District Court for the District of Utah is VACATED, and the cause is REMANDED for further proceedings consistent with this Order and Judgment.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3