[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14405
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cv-00182-RBD-DAB

UNITED STATES OF AMERICA,
for the use and benefit of Postel Erection Group, L.L.C.,
POSTEL ERECTION GROUP, L.L.C.,

Plaintiffs - Appellants,

versus

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
FEDERAL INSURANCE COMPANY,

Defendants - Appellees,

CHUBB NATIONAL INSURANCE COMPANY, et al.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 4, 2013)

Before BARKETT, MARTIN and KRAVITCH, Circuit Judges.

BY THE COURT:

Travelers Casualty and Surety Company of America and Federal Insurance Company ("Travelers") have moved to dismiss Postel Erection Group, L.L.C's ("Postel"), appeal of the district court's stay of Postel's lawsuit seeking payment from Travelers on a surety bond for work that it performed as a subcontractor on the construction of a Department of Veterans Medical Center in Orlando, Florida. Postel's suit is brought pursuant to the Miller Act, 40 U.S.C. § 3131 et seq., which provides a subcontractor who has supplied labor or materials on federal government construction projects, but has not been paid, with the right to sue the surety that provided the primary contractor with the statutorily required payment bond.   The Miller Act requires that such suits be brought "in the name of the United States for the use of the person bringing the action."  40 U.S.C. § 3133(b)(3)(A).

Travelers argues that Postel's appeal, which was not filed until fifty-five days after the district court's order, is untimely and must therefore, be dismissed.

2

Postel responds, however, that when a lawsuit is brought in the name of the United States as required by the Miller Act, it had sixty days in which to appeal.

In a civil case, a notice of appeal generally "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).   The time allowed is extended to sixty days when one of the parties is the United States or its officer or agency.  See Fed. R. App. P. 4(a)(1)(B).  Because "the taking of an appeal within the prescribed time is 'mandatory and jurisdictional,'" Bowles v. Russell, 551 U.S. 205, 209 (2007), we cannot entertain Postel's appeal unless the United States is a party to this litigation within the meaning of Federal Rule of Appellate Procedure 4(a)(1)(B).

Postel relies on United States Fidelity & Guaranty Co. v. United States for the Benefit of Kenyon, 204 U.S. 349 (1907), which it argues established that the United States is a real party in interest for purposes of determining the deadline to file a notice of appeal.  In Kenyon, the Court considered whether the United States was the plaintiff in an action brought pursuant to the Heard Act, the predecessor act to the Miller Act, for purposes of establishing jurisdiction in federal court, but not for determining the time for filing a notice of appeal.  204 U.S. at 354.  The Court concluded that the United States was not "merely a nominal or formal party," id. at 356, and that an action under the Heard Act "may fairly be regarded as one by the United States itself to enforce the specific obligation of the contractor

3

to make prompt payment for labor and materials," id. at 357.   In reaching its conclusion, the Court explained that the statutorily required bond "is not simply one to secure the faithful performance by the contractor of the duties he owes directly to the government in relation to the specific work undertaken by him," but that it also contained a "special stipulation with the United States that the contractor shall promptly make payments to all persons supplying labor and materials." Id.   Accordingly, the Court concluded that this payment provision of the bond "ran to the United States, and was therefore enforceable by suit in its name." Id.

Although the Court in Kenyon concluded that the United States is a real party in interest for purposes of federal court jurisdiction under the Heard Act, we are not persuaded that it supports the conclusion that the United States is a party in an action brought under the Miller Act for purposes of determining the deadline for filing a notice of appeal.  We have previously explained that the Miller Act made changes to the original Heard Act, specifically with regard to the contractor's obligation to post a bond.  United States Fidelity & Guaranty Co. v. Hendry Corp., 391 F.2d 13, 19 (5th Cir. 1968).[1]   Under the Heard Act, the contractor was required to post only one bond, "which was to protect both the Government and the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

suppliers of labor and materials." Id.  However, the Miller Act amended the statute to require the contractor to post two bonds, "one protection [sic] the government against failure to perform, the other protecting the subcontractor." Id.  Thus, whereas the one bond required under the Heard Act secured not only the contractor's performance obligation to the government but also contained "the specific, special obligation directly to the United States that the contractor" would make payments to the subcontractor for labor and supplies, Kenyon, 204 U.S. at 357, under the Miller Act, "[t]he government, being safeguarded by the performance bond, had no direct interest on the payment bond." Hendry, 391 F.2d at 19.  Accordingly, the Court's rationale in Kenyon for concluding that the government is a real party in interest to a subcontractor's claim for payment under the Heard Act is inapplicable to a claim brought against the payment bond under the Miller Act, and thus, does not resolve the jurisdictional question here.

Although the Miller Act requires a subcontractor to bring suit "in the name of the United States for the use of the person bringing the action," 40 U.S.C. 3133(b)(3)(A), this requirement does nothing more than make the United States a nominal party, which by itself is insufficient for party status under Rule 4(a)(1)(B). In United States ex rel. Eisenstein v. New York, New York, 556 U.S. 928 (2009), the Supreme Court considered whether the United States was a party to a qui tam action under the False Claims Act ("FCA") for purposes of the sixty-day filing

5

deadline for a notice of appeal.  The Court concluded that where the United States did not formally intervene in a qui tam action under the FCA, it was not a party for purposes of the sixty-day notice of appeal deadline, even though the FCA required the action to be brought in the name of the United States.  Eisenstein, 556 U.S. at 935.  The Court explained that "[a] person or entity can be named in the caption of a complaint without necessarily becoming a party to the action."  Id.  The Court reasoned that "Congress' choice of the term 'party' in Rule 4(a)(1)(B) and § 2107(b), and not the distinctive phrase, 'real party in interest,' indicates that the 60–day time limit applies only when the United States is an actual 'party' in qui tam actions."  Id.

The Court's decision in Eisenstein persuades us that the United States is not a party under Rule 4(a)(1)(B) for purposes of Postel's Miller Act claim.  Miller Act claims, which must be brought in the name of the United States, are not unlike qui tam actions brought under the FCA in which the United States has chosen not to intervene.  Neither requires the United States to be an actual party to the litigation. Because Postel does not argue that the United States has any involvement in this case, but instead relies solely on the statutory requirement that it bring its Miller Act claim in the name of the United States, we conclude that it was required to file its notice of appeal within thirty days under Rule 4(a)(1)(A).

6

Accordingly, we hereby grant Travelers' motion to dismiss this appeal for lack of jurisdiction.[2]  See Bowles, 551 U.S. at 209 (holding that the time for filing a notice of appeal is mandatory and jurisdictional).

**DISMISSED**.

---

[2] Travelers also filed a motion for sanctions on the grounds that Postel's appeal is frivolous, which we deny.