**UNITED STATES, to Use and Benefit of PLATTEN v. BUSH CONST. CO., Inc. et al.**

**Civ. A. No. 6557.**

United States District Court
E. D. Michigan, S. D.

Jan. 8, 1953.

Joseph C. Murphy, Acting U. S. Atty., Roger P. O'Connor, Asst. U. S. Atty., Detroit, Mich., United States.

Reinhardt A. Nank, Mt. Clemens, Mich. and James E. Littell, Detroit, Mich., for Arthur J. Platten.

Friedman, Meyers & Keys, Detroit, Mich., for Bush Const. Co., Inc.

Butzel, Levin, Winston & Quint, Detroit, Mich., for New York Cas. Co. and American Surety Co. of New York.

THORNTON, District Judge.

In November 1944, the Bush Construction Company, Inc., entered into a contract with the United States (Federal Public Housing Authority) to disassemble, transport and reassemble certain buildings for a war housing project in Royal Oak, Michigan.

Pursuant to the provisions of the contract and 40 U.S.C.A. § 270a, the Bush Construction Company, as principle, and the New York Casualty Company and the American Surety Company of New York, as sureties, executed and furnished to the United States, under date of December 18, 1944, a penal payment bond in the sum of $535,012, conditioned upon the prompt payment by the Bush Construction Company, Inc., to all persons supplying labor and materials in the prosecution of the work provided for in the contract with the United States.

Thereafter, Arthur J. Platten furnished labor and materials during the period from January 4, 1945, to May 29, 1945, inclusive, in trucking certain housing units for the Bush Construction Company, Inc., from Windham, Ohio, to Royal Oak, Michigan, for which he charged approximately $245,000 and was paid approximately $170,000, leaving a balance due of approximately $75,000, which the Bush Construction Company, Inc., refused to pay.

On March 28, 1947, pursuant to the provisions of 40 U.S.C.A. § 270b, Platten started this suit in the name of the United States of America for his use and benefit against the Bush Construction Company, Inc., New York Casualty Company and American Surety Company, to recover the $75,000.

While this suit was pending, Platten, being indebted to the United States on account of federal taxes in the amount of approximately $38,000, on July 15, 1948, assigned all moneys due, or to become due to him from Bush, to the extent of the tax debt to Giles Kavanagh, Collector of Internal Revenue for the District of Michigan. On the same day, Platten instructed Bush to pay over the money due him to the Collector. On December 14, 1948, Collector Kavanagh demanded that Bush pay over to him any money due Platten. Bush failed to pay the money to the Collector.

The use-plaintiff, Arthur J. Platten, died on December 30, 1948.

The first pretrial hearing on this cause was had on June 12, 1950. The United States Attorney's Office for this District was not represented at this hearing, and the plaintiff's attorneys informed the Court that they needed time to decide whether or not they would prosecute the case. It was recognized at that time that an amended complaint would have to be filed if the case was to be prosecuted. The pretrial hearing was continued to September 18, 1950. The Court, at the adjourned hearing, ordered an amended complaint filed within thirty days. Nothing was done by the plaintiff after

September 18, 1950, and the matter was set for a pretrial conference on February 26, 1951. At this time the defendants advised the Court that they relied upon the provisions of Rule 25(a) (1), Federal Rules of Civil Procedure, 28 U.S.C.A.; that Platten had died two years previously, and that the action had abated. Thereafter a formal motion to dismiss was filed by the defendants, this motion being argued before the Court on March 19, 1951, at which time the matter of the "assignment to the United States" was first injected into the case by counsel for the plaintiff in opposition to the motion to dismiss. Counsel for the defendants take the position that the matter of the assignment is one wholly outside the record and, therefore, not to be considered by the Court.

A legal representative for the Collector was present at the argument on the motion to dismiss, and at its termination asked for an opportunity to ascertain the position of the Government because of the assignment. Nothing further happened until the case again was called on pretrial and, after several adjournments, on January 7, 1952, the motions to dismiss were reargued, at which time an Assistant United States Attorney appeared for the first time, but no amended pleading or petition for intervention was filed.

It is the position of the Government that all that is required in the instant case to proceed with the litigation is:

1. A substitution of the United States Attorney for Platten's attorneys of record;

2. An amended pleading setting up the assignment from Platten to the United States;

3. Striking the name of use-plaintiff, Platten, from the proceedings.

All three defendants moved to dismiss this action alleging that the use-plaintiff, Platten, had died December 30, 1948, and that since there had been no substitution of the legal representative of the deceased's estate as of the date of filing the motions, that dismissal of said action is mandatory under Rule 25(a) (1), F.R.C.P., which reads as follows:

"If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. * * *"

The position of the defendants, that dismissal under the circumstances here present is mandatory, appears to be well taken. The rule itself permits of no other interpretation. However, the United States, while conceding that the representative of Platten's estate cannot be substituted at this late date under Rule 25 (a) (1), F.R.C.P., has directed its oral arguments and its brief to the issue of whether or not the suit may nevertheless be continued in its name since it was originally brought in its name for the use and benefit of the deceased use-plaintiff. All parties, except the deceased use-plaintiff, have filed briefs on this point, the crux of which narrows down to a determination of the status of the United States as a party in this particular kind of action. Is it the real party in interest, or merely a nominal party?

The Government has cited several cases decided in 1907 and 1909, respectively, for its contention that the United States is the real party in interest. In view of the fact that the Miller Act of 1935, 40 U.S.C.A. §§ 270a, 270b, was not under consideration in those cases, and that the Miller Act has substantially different provisions with respect to performance and payment bonds than its predecessors, this Court believes that it should follow the interpretations of the Miller Act, which is now in force. The annotation to be found in 77 A.L.R., at page 205 et seq., concerns real and nominal parties plaintiff in an action on the kind of payment bond sued on here. The cases cited therein leave no doubt that in construing the type of statute we have here, the United States is held to be a nominal plaintiff, a formal party, while the use-plaintiff is the real party in interest; so, therefore, I conclude that the United States is a nominal plaintiff in the within action, the real party in interest being the use-plaintiff, Platten.

Assuming, without determining, that the assignment made by Platten to the Collector of Internal Revenue for the District of Michigan of all money claimed by Platten to be due, or to become due to him from Bush, to the extent of the tax debt in the approximate sum of $38,000, is valid, yet the Collector and the assignment were strangers to this particular lawsuit until they were informally presented to it at the time of the arguments on the motions to dismiss. With this foregoing informal and past-due intervention, the United States, as a nominal plaintiff, contends that all that is required to proceed with this litigation is that we permit a substitution of the United States Attorney for plaintiff's attorneys of record, an amended pleading setting up the assignment from Platten to the United States, and the striking of the name of the use-plaintiff, Platten, from the proceedings. Since this suggested procedure does not make up to a substitution of a proper party within two years after the death of Platten, in accordance with Rule 25(a) (1), R.F. C.P., this action must be dismissed. An order may be so entered.