**UNITED STATES of America**

v.

**BUSH CONSTRUCTION CO., Inc.,**
**Defendant.**

**Civ. No. 16085.**

United States District Court
E. D. New York.

June 30, 1959.

Cullen & Dykman, Brooklyn, N. Y., by John B. Bennett, Brooklyn, N. Y., of counsel, for defendant for the motion.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Stanley F. Krysa, Washington, D. C., of counsel, for the Government, in opposition.

RAYFIEL, District Judge.

The defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The facts have been stipulated. They are as follows:

On December 8, 1944, the defendant and Arthur Platten, doing business as Trailer Transport Co., hereinafter referred to as Platten, entered into a contract wherein Platten was to transport certain house sections and components from Windham, Ohio, to Royal Oak Township, Michigan. Thereafter, between January 4, 1945 and May 29, 1945, Platten transported some 1300 shipments for the defendant. On August 20, 1945, Platten commenced an action against the defendant in the United States District Court for the Eastern District of Michigan, Southern Division (Civil Action No. 5168), to recover freight charges in the sum of $75,675.08, which had accrued under the contract. These charges were disputed by the defendant. It filed a complaint with the Interstate Commerce Commission on November 14, 1945, charging that Platten's rates were inapplicable, unjust and unreasonable. The complaint came on to be heard by Joint Board No. 57 of the Interstate Commerce Commission, sitting in Detroit on June 24, 25 and 26, 1946.

On March 28, 1947, Platten caused another action to be commenced in the United States District Court for the Eastern District of Michigan, Southern Division, entitled "United States of America to the Use and Benefit of Arthur J. Platten, plaintiff v. Bush Construction Company, Inc., a New York corporation, New York Casualty Company, a New York corporation and American Surety Company, a New York corporation" (Civil Action No. 6557) for the sum of $75,675.08 to recover the freight charges which had accrued under the contract.

On April 13, 1948, the Interstate Commerce Commission rendered its decision and made findings respecting the rates to be charged, etc.

On July 15, 1948, Platten, being indebted to the United States of America for Federal taxes amounting to approximately $38,000, wrote a letter to the Deputy Collector of Internal Revenue at Detroit, Michigan, in which he enclosed a letter, addressed to the defendant, authorizing and directing it to pay to the said Collector of Internal Revenue all moneys due or to become due Platten for services rendered or to be rendered by him to the defendant. The letter to the Collector contained the provision that the authorization for payment was not to be served on the defendant until "such time as a final agreement as to the sum of money due me (from defendant) is made." (Matter in parenthesis added.)

On December 14, 1948, the Deputy Collector wrote to the defendant, advising it of the liens claimed by the Government, and enclosing either the original or a copy of Platten's letter of July 15, 1948, to the defendant.

On December 30, 1948, Platten died.

On February 15, 1950, the first Federal action (Civil Action No. 5168) came on for pretrial hearing pursuant to Rule 16, of the Federal Rules of Civil Procedure, at which both the plaintiff and the defendant were represented by counsel. The court noted that Platten had died since the institution of suit, that his estate was being administered in Wayne County, Michigan, that his administrator had been notified of the proposed pretrial hearing by the attorney of record for the plaintiff, had been invited to intervene, but had failed to do so, and that the plaintiff's attorney was without authority to proceed on behalf of the plaintiff's estate. The Court ordered the action "dismissed for want of prosecution for failure of the administrator of plaintiff's estate to enter his appearance or take some action to intervene in this case."

On June 12, 1950, a pretrial hearing was held in the second federal action (Civil Action No. 6557), at which time the United States Attorney's office for the Eastern District of Michigan was not represented. Platten's attorneys informed the Court that they needed time to decide whether or not they would prosecute the case. The pretrial hearing was continued to September 30, 1950, at which time the Court ordered an amended complaint filed within 30 days. Noth-

ing was done by plaintiff and the matter was again set for pretrial conference on February 26, 1951. On that date the defendants advised the Court that it was their contention that the action had abated pursuant to the provisions of Rule 25 (a)(1) of the Federal Rules of Civil Procedure, since Platten had died more than two years prior thereto.

A formal motion to dismiss the action, filed by the defendants, was argued on March 19, 1951, at which time the matter of the assignment to the United States was raised by plaintiff's counsel in opposition to the motion. A legal representative of the Collector of Internal Revenue was present at the argument of the motion, and at the conclusion thereof asked for an opportunity to ascertain the position of the Government under said assignment. The case was again called for pretrial and, after several adjournments, the motion to dismiss was reargued on January 7, 1952, at which time an Assistant United States Attorney appeared for the Government.

On January 8, 1953, Judge Thomas P. Thornton decided the motion, D.C., 109 F.Supp. 378, holding that the dismissal of the action was mandatory under Rule 25(a)(1), supra, and an order to that effect was entered on January 14, 1953. An appeal therefrom was dismissed on stipulation, dated April 20, 1953, of all parties, including the United States. On December 2, 1955, the present action was commenced.

The defendant bases its motion on the following grounds:

1. that there was no assignment from Platten to the Collector of his claim against the defendant;

2. that the statute of limitations has run against the claim; and

3. that the United States is bound by the dismissals of the prior actions.

■■ I must reject the defendant's first two grounds. In my opinion the letters of July 15, 1948, from Platten to the Collector of Internal Revenue and to the defendant clearly assign to the Government Platten's claim against the defendant. The law is well settled that no particular form or language is necessary to effectuate an assignment. Platten's letter to the defendant, dated July 15, 1948, constitutes an irrevocable assignment to the Collector of any funds due or to become due Platten from the defendant. Judge Rapallo, of the New York Court of Appeals, in the case of Brill v. Tuttle, 81 N.Y. 454, at page 457, had this to say about such an order or assignment, "There can be no doubt as to the rule that when, for a valuable consideration from the payee, an order is drawn upon a third party and made payable out of a particular fund, then due or to become due from him to the drawer, the delivery of the order to the payee *operates as an assignment pro tanto of the fund,* and the drawee is bound, after notice of such assignment, to apply the fund, as it accrues, to the payment of the order and to no other purpose, and the payee may, by action, compel such application." (Emphasis supplied.)

■ The defendant's second ground must fall since it is well settled that the statute of limitations does not apply to the United States. See United States v. Nashville, C. & St. L. R. Co., 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81; United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283.

■ The defendant's third ground, however, has merit. Both prior actions brought by Platten were dismissed on the *merits.* See Rule 41(b) of the Federal Rules of Civil Procedure. The Government participated in the proceedings which took place in the second action. The United States Attorney, on behalf of the United States, signed the stipulation dismissing the appeal from Judge Thornton's order, which had dismissed the action pursuant to Rule 25(a)(1), supra. The Government is, therefore, bound by these dismissals on the merits.

The motion for summary judgment is granted. Settle order on notice.