Hugh D. BLANCHARD and Cullen Jenkins, d/b/a Blanchard & Jenkins Construction Company, Plaintiffs,

v.

TERRY & WRIGHT, INC., and Federal Insurance Company, Defendants.

Civ. A. No. 3891.

United States District Court
W. D. Kentucky,
at Louisville.

June 14, 1963.

---

Edgar A. Zingman, Louisville, Ky., for plaintiffs.

Robert P. Hobson, Louisville, Ky., for defendants.

SHELBOURNE, District Judge.

This action was commenced December 11, 1959, by the plaintiffs, Hugh D. Blanchard and Cullen Jenkins, partners doing business as Blanchard & Jenkins Construction Company, against Terry & Wright, Inc., and Federal Insurance Company as defendants.

The complaint alleged that defendant Terry & Wright, Inc., was a corporation created under the laws of the State of Michigan, and that defendant Federal Insurance Company was a corporation created under the laws of the State of New York and was a citizen and resident of that state. No reference to Section 1332 of Title 28, United States Code, was made in the complaint although it is apparent that the source of jurisdiction was thought to be in that section as diversity of citizenship and the requisite amount in controversy were alleged. The averments as to diversity failed to allege that the principal place of business of each of the defendants was not in the State of Kentucky. The complaint alleged that defendant Terry & Wright, Inc., had contracted with the United States to build a dam and spillway on the Rough River in the Western District of Kentucky and that defendant Federal Insurance Company, as surety for Terry & Wright, Inc., had executed a bond guaranteeing the performance of the contract by the principal in the bond and guaranteeing payment by the principal of all claims for labor and material used in that contract. It was then alleged that the plaintiffs, Blanchard and Jenkins, contracted with Terry & Wright, Inc., to furnish all filter material in accordance with the prime contract between Terry & Wright, Inc., and the United States.

Defendant Terry & Wright, Inc., admitted the averments of the complaint, except to deny that the plaintiffs had furnished a certain quantity of filter material for which Terry & Wright, Inc., had failed to pay in full, denied the allegations as to the defendants' indebtedness for equipment that plaintiffs rented to Terry & Wright, Inc., and pleaded a settlement in Accord and Satisfaction of

all matters arising out of the subcontract and its execution.

The case came on for trial to a jury on November 21, 1962, which resulted in a verdict for the plaintiffs and judgment was entered for the amount of the verdict on November 23, 1962. November 28, 1962, the defendants moved for a judgment notwithstanding the verdict, in accordance with their motion made at the conclusion of the introduction of all the testimony at the trial, and that motion was overruled March 6, 1963. On March 8, 1963, the defendants moved the Court to dismiss the proceeding for lack of jurisdiction and March 15, 1963, filed a motion to set aside the judgment for want of jurisdiction. The plaintiffs then moved the Court for leave to amend the complaint, asserting that the action arose under the Miller Act, Section 270b of Title 40, and under Section 1352 of Title 28, United States Code.

In their original answer the defendants denied that the Court had jurisdiction of this action and at the trial introduced testimony, not denied, that Terry & Wright, Inc., was a corporation created under the laws of the State of Michigan but had its only and chief place of business in the Western District of Kentucky, which was also the residence of the plaintiffs.

■ There was no diversity of citizenship between the plaintiffs and defendant Terry & Wright, Inc., as required by Section 1332 of Title 28 and, the complaint having failed to allege that the Federal Insurance Company did not have its principal place of business in the State of Kentucky, there was presumptively no diversity of citizenship there. Bell v. Gray, D.C.Ky., 191 F.Supp. 328 (1960), affirmed 6 Cir., 287 F.2d 410 (1960).

■ If jurisdiction is absent, the judgment is void. The validity of the judgment in this case depends upon whether jurisdiction on other grounds exists.

■ The amended complaint tendered by the plaintiffs on April 10, 1963, alleges that the action arises under the provisions of Sections 270a, 270b, and 270c of Title 40, United States Code, and that it was brought pursuant to those sections and Section 1352 of Title 28, United States Code, for the recovery of monies due plaintiffs for labor and material furnished by them in the prosecution of public work of the United States pursuant to the defendants' contract with the United States Army Corps of Engineers, which contract was to be performed within the area of this Court's jurisdiction. Plaintiffs seek to amend by making the United States of America, for the use and benefit of Blanchard and Jenkins, a plaintiff. The plaintiffs further allege that the action was instituted within one year next after the date of final settlement of the contract.

Section 270a of Title 40 requires that before any contract, exceeding $2,000.00 in amount, for the construction, alteration or repair of any public building or public work of the United States is awarded to any person, there shall be executed by such person a performance bond for the protection of the United States and a payment bond for the protection of all persons supplying labor and material in the prosecution of the work covered by the contract.

Section 270b(b) of Title 40 is as follows:

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed *and not elsewhere*, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. The United States shall not be liable for the payment of any costs or expenses of any such suit." (Emphasis added.)

■ The original complaint contained averments of facts sufficient for a proper

foundation for the amendment tendered April 10, 1963. The United States as plaintiff for the use and benefit of the plaintiffs Blanchard and Jenkins is a mere nominal or formal party. United States, to Use and Benefit of Platten v. Bush Const. Co., D.C.Mich., 109 F.Supp. 378, 380 (1953). Especially is this true in view of the provision of Section 270b (b) limiting the jurisdiction of a suit brought under the Miller Act to the United States District Court for the district wherein the contract was to be performed and not elsewhere.

■ The Miller Act and its predecessors have received liberal construction. In Baglin v. Title Guaranty & Surety Co., C.C., 166 F. 356, affirmed 3 Cir., 178 F. 682 (1909), the trial court permitted an amendment inserting averments concerning citizenship and party plaintiff. At page 361 of the opinion in 166 F. the trial court said:

"The defendant denies all liability upon several grounds. First, it is urged that Baglin is only a nominal party, the real interest residing in Heinze, and that it nowhere appears, either on the record or in the notes of testimony, that Heinze possesses the requisite citizenship to give jurisdiction to the Circuit Court. Without stopping to discuss this point, and merely for present purposes assuming it to be well taken, it is a defect that may be remedied by amendment after a trial on the merits, and permission is hereby given to amend the record within 10 days by marking the suit and the various papers in the cause 'to the use of F. A. Heinze,' and by inserting the proper averments concerning his citizenship."

In United States ex rel. Maxwell v. Barrett, C.C., 135 F. 189 (1905), the court said that the failure to sue in the name of the United States as plaintiff is "at the worst, a mere formal irregularity, and should not affect either the jurisdiction of the court or the merits of the controversy." It was there held that the United States was merely a modal, formal, and nominal party, and this was said under a predecessor statute to the Miller Act which did not require the action to be filed in the United States District Court in the district where the work was to be performed as does the Miller Act.

In Burrell v. United States, 9 Cir., 147 F. 44 (1906), the court said, "The United States are neither the legal nor equitable plaintiffs in the present action."

The exclusive jurisdiction under the Miller Act is shown in the case of United States for Use and Benefit of Bryant Elec. Co. v. Aetna Casualty & Surety Company, 2 Cir., 297 F.2d 665 (1962).

Amendments have been permitted which are comparable to the one tendered in this case, both with respect to the timeliness in which they were offered and the change sought in the nature of the action. In New York Cent. & H. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L. Ed. 294 (1922), the jurisdiction of the action was permitted to be changed from an action at common law to an action under the Federal Employers' Liability Act by an amendment and the amendment was allowed after the statute of limitations had run. In International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561 (1941), the court indicated it would approve the trial court's allowance of an amendment changing the theory of recovery from one under the Sherman Act to an action at common law.

■ In enacting Section 1653 of Title 28, United States Code, which provides that defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts, it was the intention of Congress to permit amendment broadly to avoid dismissal of suits on technical grounds. Moore v. Coats Co., 3 Cir., 270 F.2d 410 (1959).

For this Court to nullify the efforts and expense of the plaintiffs and defendants which culminated in the judgment based upon the verdict of the jury in this action would be substituting form for substance.

Plaintiffs' motion for leave to amend the complaint is sustained and the third amended complaint tendered with said motion on April 10, 1963, is hereby ordered filed.

Defendants' motion to dismiss this action for want of jurisdiction filed March 8, 1963, and the motion to set aside the judgment for want of jurisdiction filed March 15, 1963, are each and both hereby overruled.